UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GEROME LUIS RANDAULPH,

    Plaintiff,

v.                                                Case No.  4:20-cv-22-MW/MJF

LEON COUNTY SHERIFF OFFICE and
KAREN BODIFORD,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Gerome Luis Randaulph, proceeding *pro se* and *in forma pauperis*, filed an amended complaint in which he asserts a claim for "conspiracy" and a claim for a "hate crime." (Doc. 9). The undersigned recommends that this case be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), because Randaulph's amended complaint fails to state a claim upon which relief can be granted.[1]

### I.    Background

Plaintiff alleges that he changed his name from "Robert Jerome Randolph, III," to "Gerome Luis Randaulph." (Doc. 1 at 6). He asserts that he requested records

---

[1] The court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

of himself from Leon County Sheriff's Office. (Doc. 9 at 5). Within the files he received from Leon County Sheriff's Office, he found a record for an inmate that had the same surname as his previous surname. Plaintiff alleges that this was "intimidation" and "mentally disturbing and tiring." (*Id.* at 5). Plaintiff states:

> What happens if someone requests the same records of me, notice[s] the miss [sic] up and label[s] me something I'm not. It's hard for me to sleep. This complaint keeps me awake a lot thinking about my situation. If the information of the inmate wasn't in my records, then I wouldn't be in this situation now. Since this discovery I know this is a reason I lost my job and am unemployed.

(*Id.*). Plaintiff asserts that the inclusion of the other inmate's record in his record violated his "free exercise or enjoyment of any rights secured (conspiracy against rights)" and was a "hate crime." He seeks lost wages of $720,000. (*Id.* at 7).

## II.   Standard

Because Plaintiff is proceeding *in forma pauperis*, this court is authorized to review his complaint and identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Although Plaintiff is not incarcerated, "[u]nder 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike." *Mehmood v. Guerrra*, 783 F. App'x 938, 940 (11th Cir. 2019) (citing *Rowe v. Shake*,

196 F.3d 778, 783 (7th Cir. 1999)); *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004); *Troville v. Venz*, 303 F.3d 1256, 1259-60 (11th Cir. 2002).

Dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil

Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint may also be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

### III.   Discussion

**A.   Conspiracy Claim and the Intracorporate Conspiracy Doctrine**

Plaintiff asserts a claim of "conspiracy against rights." (Doc. 9 at 7). Plaintiff does not cite any statutory basis for this claim, but this court liberally construes *pro se* complaints and assumes that Plaintiff is asserting a claim under 42 U.S.C. § 1985(3).

Section 1985(3) prohibits certain conspiracies to violate constitutional rights. 42 U.S.C. § 1985(3); *Ziglar v. Abbasi*, ___ U.S. ___, 137 S. Ct. 1843, 1865-66 (2017); *Farese v. Scherer*, 342 F.3d 1223, 1230 (11th Cir. 2003). This statutes states in relevant part:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; . . . [and] if one or more persons engaged therein

> do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

> To state a claim under this part of subsection (3), a plaintiff must allege:
>
> (1) two or more persons formed a conspiracy, that is, an agreement;
>
> (2) the purpose of the conspiracy was to deprive, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws;
>
> (3) at least one of the co-conspirators caused an overt act in furtherance of the conspiracy to be committed; and
>
> (4) the overt act injured the plaintiff in his person or property, or deprived him of any right or privilege of a citizen of the United States.

*United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828-29 (1983); *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312 (11th Cir. 2010); *Childree v. UAP/GA AG CHEM, Inc.*, 92 F.3d 1140, 1146-47 (11th Cir. 1996); *see Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002).

As to the first element—the existence of an agreement to violate a plaintiff's civil rights—courts have noted that an agreement requires at least two parties.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1327 (11th Cir. 2015); *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1260 (11th Cir. 2010); *United States v. Geibel*, 369 F.3d 682, 692 (2d Cir. 2004); *Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1028 (10th Cir. 2002). Construing his *pro se* complaint liberally, Plaintiff contends that employees of the Leon County Sheriff's Department conspired to violate his rights. (Doc. 9 at 5).

Because corporations are not real persons, they can act only through their agents. *Braswell v. United States*, 487 U.S. 99, 110 (1988) ("Artificial entities such as corporations may act only through their agents . . . ."); *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1357 (11th Cir. 2016) ("In contrast to an individual, a corporation cannot act except through its officers, agents, and employees."). Therefore, agents acting on behalf of a corporate entity cannot conspire because a single entity "cannot conspire with itself." *Dickerson v. Alachua Cty. Comm'n*, 200 F.3d 761, 768 (11th Cir. 2000).[2]

This is known as the "intracorporate conspiracy doctrine." *Ziglar*, ___ U.S. at ___, 137 S. Ct. at 1867 ("Under this principle—sometimes called the intracorporate-conspiracy doctrine—an agreement between or among agents of the same legal

---

[2] The intracorporate conspiracy doctrine does not apply to criminal cases or to civil RICO cases, but it does apply to section 1983 actions. *Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1213 (11th Cir. 2018); *Kirwin v. Price Commc'ns Corp.*, 391 F.3d 1323, 1326-27 (11th Cir. 2004).

entity, when the agents act in their official capacities, is not an unlawful conspiracy."). "The intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000) (en banc); *see Grider*, 618 F.3d at 1261. "Simply put, under the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *McAndrew*, 206 F.3d at 1036; *Grider*, 618 F.3d at 1261.

The doctrine has been extended beyond private corporations and also applies to public entities. *Rehberg v. Paulk*, 611 F.3d 828, 854 (11th Cir. 2010) (stating that the "intracorporate conspiracy doctrine bars conspiracy claims against corporate or government actors accused of conspiring together within an organization"); *Denney v. City of Albany*, 247 F.3d 1172, 1190-91 (11th Cir. 2001) (holding that where the "only two conspirators identified" were both city employees, the intracorporate conspiracy doctrine barred plaintiffs' § 1985 conspiracy claims).

Here, Plaintiff named the Leon County Sheriff's Office and an employee, Karen Bodiford, of the Leon County Sheriff's Office. Plaintiff alleges that Defendant Bodiford was acting within the scope of her employment during her interactions with Plaintiff. *See Grider*, 618 F.3d at 1261 (noting that the scope-of-employment inquiry is whether the employee was performing a function that, but for

the alleged constitutional violation, was within the purview of the employee's authority and in furtherance of the employer's business).³ According to the allegations in Plaintiff's amended complaint, the Defendants were acting as a single legal actor. *McAndrew*, 206 F.3d at 1036 (noting that "the acts of a corporation's agents are considered to be those of a single legal actor"). Thus, Plaintiff's allegations fail to show the multiplicity of actors required for a conspiracy. *See id.* (holding that "just as it is not legally possible for an individual person to conspire with himself, it is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself"). Accordingly, Plaintiff's conspiracy claim is barred by the intracorporate conspiracy doctrine. *See McMahon v. Hunter*, No. 2010 WL 2978057, at *6 (M.D. Fla. Feb. 23, 2010) (holding that the defendant county sheriff officers were legally incapable of conspiring among themselves). For this reason alone,⁴ Plaintiff has failed to state a claim upon which relief can be granted, and this claim should be dismissed.

---

³ In *Grider*, the Eleventh Circuit noted that "one might reasonably believe that violating someone's constitutional rights is never a job-related function" of a state employee, but "the question of whether a defendant acted within the scope of his employment is distinct from whether the defendant acted unconstitutionally." *Grider*, 618 F.3d at 1261.

⁴ Plaintiff also failed to allege other elements of a conspiracy claim under section 1985(3). For example, to allege the second element of a claim under section 1985(3), a plaintiff must allege that the deprivation of rights or privileges occurred as a result of some racial or otherwise class-based, invidiously discriminatory animus. *Childree*, 92 F.3d at 1147; *Burrell v. Bd. of Trustees of Ga. Military Coll.*, 970 F.2d

## B.     "Hate Crime" Claim

Plaintiff also sets forth a claim for a "hate crime." (Doc. 9 at 7). Plaintiff does not offer a statutory basis for such a cause of action. The undersigned presumes that Plaintiff is attempting to assert a claim under the federal hate crimes act, 18 U.S.C. § 249. In that statute, however, Congress did not authorize a private cause of action. *See Harlson v. McKallip*, 770 F. App'x 276, 276-77 (7th Cir. 2019); *Smith v. Coleman*, No. 6:18-CV-119, 2020 WL 974881, at *1 (S.D. Ga. Feb. 28, 2020); *Nazer v. City of St. Petersburg*, No. 8:16-cv-02259, 2017 WL 3877631, at *5 (M.D. Fla. Sept. 5, 2017).

Alternatively, it is possible that Plaintiff is attempting to assert a claim under sections 241 and 242 of Title 18 of the United States Code. These provisions, however, also "are criminal in nature and provide no civil remedies." *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960). They do not provide a plaintiff with a private right of action. *O'Berry v. State Att'ys Office*, 241 F. App'x 654, 657 (11th Cir. 2007) (holding that there is no private right of action under 18 U.S.C. §§ 241 and 242); *Hill v. Didio*, 191 F. App'x 13, 14-15 (2d Cir. 2006) (holding that there is no private right of action under 18 U.S.C. §§ 241 and 242); *Newcomb v. Ingle*, 827

---

785, 794 (11th Cir. 1992); *see Kivisto v. Miller, Cassidy, Paddock & Stone, PLC*, 413 F. App'x 136, 140 (11th Cir. 2011). Plaintiff made no such allegation in his amended complaint.

F.2d 675, 676 n.1 (10th Cir. 1987) (holding that 18 U.S.C. § 241 is a criminal statute and does not provide for a private cause of action); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (noting that 18 U.S.C. §§ 241-242 "do not give rise to a civil action for damages"). Accordingly, Plaintiff has failed to state a claim for a "hate crime."

C. **Supplemental Jurisdiction Over a Potential State Law Claim**

It also is possible that Plaintiff is attempting to assert a claim under Florida law, and thus is asking this court to exercise supplemental jurisdiction over such a claim. "The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004) (citing *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999)). The Eleventh Circuit, however, has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 891 n.13 (11th Cir. 2013) (quoting *Raney*, 370 F.3d at 1089).

To the extent Plaintiff is asserting a claim under Florida law, the district court should decline to exercise supplement jurisdiction over such a claim. 28 U.S.C. § 1367(c)(3). Assuming that any such claim has merit, dismissal without prejudice would allow Plaintiff to pursue such a claim in a Florida court.

### IV. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's "conspiracy" claim and "hate crime" claim be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.

2. To the extent Plaintiff states a claim under Florida law, such claim be **DISMISSED** without prejudice.

3. The clerk of the court be directed to close this case file.

At Panama City, Florida, this 26th day of August, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**